UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY LTD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DISTRIBUTION WAREHOUSE INC., dba TEACHER'S CHOICE,<br><br>Defendant. | CASE NO. 2:21-CV-797-RSM-DWC<br><br>ORDER GRANTING EXTENSION OF TIME |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant's Motion for Extension of Time to Respond to Complaint. Dkt. 13. After review of the relevant record, the Court grants Defendant's Motion for Extension (Dkt. 13). Defendant's response to the Complaint is due on or before August 19, 2021.

**I.     Background**

On June 11, 2021, Plaintiff initiated this lawsuit. Dkt. 1. Plaintiff filed an Affidavit of Service, indicating Defendant was served on June 29, 2021. Dkt. 9. The parties agree

ORDER GRANTING EXTENSION OF TIME - 1

Defendant's response to the Complaint was due on or before July 20, 2021. *See* Dkt. 13, 17, 18. Defendant's counsel entered a Notice of Appearance on July 21, 2021. Dkt. 10. And, on July 29, 2021, filed the Motion for Extension, requesting a thirty-day extension, or until August 19, 2021, to file a response to the Complaint. Dkt. 13. Plaintiff requests the Motion for Extension be denied or, in the alternative, Defendant not be allowed to file a motion under Federal Rule of Civil Procedure 12(b) in response to the Complaint. Dkt. 17.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend the time to answer "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). To determine whether neglect is excusable, the Supreme Court has stated that the test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

Here, as the deadline to file an answer or otherwise respond to the Complaint expired before Defendant filed the Motion for Extension, Defendant must show excusable neglect for the Court to extend the deadline. Defendant's counsel, Mark Walters, states he was retained in this matter on or around July 20, 2021, the date a response to the Complaint was due. Dkt. 14, Walters Dec., ¶ 2. Mr. Walters contacted opposing counsel after business hours on July 20, 2021, requesting an extension of time due to other case matters and the fact he was leaving on vacation within the next several days. *Id.*; *see also* Dkt. 17. Plaintiff's counsel did not respond. Dkt. 14, Walters Dec., ¶¶ 2, 6. On July 29, 2021, Plaintiff's counsel, Louis Teran, advised Mr. Walters that Plaintiff intended to seek an entry of default. Dkt. 14, Walters Dec., ¶ 7. Mr. Walters

responded to Mr. Teran's email with a copy of the email requesting a thirty-day extension; Mr. Teran did not respond. *Id*. at ¶¶ 7-8.

Mr. Walters was retained on or around the date the answer was due. He contacted opposing counsel, although after business hours, on the date the answer was due to request a stipulated extension of time. Mr. Walters did not receive a response from opposing counsel. While the Court finds Defendant should have attempted to extend the deadline prior to July 20, 2021, the Court finds it was not unreasonable to attempt to resolve the matter through a stipulation with opposing counsel. Furthermore, the Court does not find Plaintiff will be prejudiced by this Court allowing a thirty-day extension to respond to the Complaint. Therefore, Defendant has shown excusable neglect and the Court will extend the deadline for filing a response to the Complaint.

**III.     Conclusion**

Accordingly, the Motion for Extension (Dkt. 13) is granted. Defendant's response to the Complaint is due on or before August 19, 2021. As Defendant has shown excusable neglect, the Court declines to limit Defendant's response to the Complaint to only an answer.

Dated this 12th day of August, 2021.

David W. Christel
United States Magistrate Judge

ORDER GRANTING EXTENSION OF TIME - 3